### THE UNITED STATES DISTRICT COURT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BETTY R. SPINNER, | ) |
| 5223 4th Street, N.E. Apt 104 | ) |
| Washington, DC 20011 | ) |
| | ) |
| Plaintiff, | ) |
| v. | )    **Case No. _____** |
| | ) |
| KAYA HENDERSON, Chancellor, | ) |
| District of Columbia Public Schools | ) |
| 1200 First Street NE | ) |
| NE Washington, DC 20002 | ) |
| | ) |
| and | ) |
| | ) |
| District of Columbia | ) |
| Executive Office of the Mayor | ) |
| 1350 Pennsylvania Avenue, NW | ) |
| Suite 316 | ) |
| Washington, DC 20004 | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

NOW COMES, BETTY R. SPINNER (hereinafter "Plaintiff" or "Ms. Sinner), and hereby submits this complaint.

## I. PRELIMINARY STATEMENT

This action raises issues relating to a wrongful termination of the Plaintiff's employment with the District of Columbia Public School System based upon

unlawful race, age, sex and national origin discrimination, and, wrongful termination of a whistle blower in violation of public policy.

Plaintiff, a female, herein alleges that Defendants, District of Columbia Public Schools System and District of Columbia effected a reduction-in-force on the basis of a faulty rubric that resulted the computation of scores used for her retention that were undervalued because she "blew the whistle" by reporting the misconduct of a fellow employee wo was awarding erroneous overtime payments and whereby Defendants refused to consider Plaintiffs similar contributions and experiences for retention that were considered among  Plaintiffs racial, gender, national origin and age counterparts who were either reinstated to their employment positions or  retained their employment because they did not have compete for retention in the reduction-in-force even though they were in the same classification of Plaintiff.

## I.   JURISDICTION

This Court has jurisdiction over this matter based on Title VII of the Civil Rights Act of 1964 ( 42 U.S.C. § 2000e,  et seq. [Race. Gender and National Origin]), Age Discrimination in Employment Act (29 U.S.C. §§ 621-634), Notice of Suit Rights letter from EEOC that is dated November 3, 2015 (**See attachment.**) that was

received by Plaintiff after November 3, 2015, and the Court's Supplemental

Jurisdition.

## II.  PARTIES

### 1.  Plaintiff

BETTY r. SPINNER, a female, was employed  by the DISTRICT OF COLUBIA

PUBLIC SCHOOL SYTEM since November 20, 1978.  Ms. Spinner was released from

her position of Administrative Assistant on august 7, 2015.

### 2.  Defendants

(1) KAYA HENDERSON is the chief executive office of the District of Columbia

Public School System and is joined to this action in her official capacity in order for

Plaintiff to obtain full equitable relief.

(2) The DISTRICT OF COLUBIA is the sovereign power for the District of

Columbia Government and a suit against the District of Columbia Public School

System and its officers in their official capacity is a suit against the District of

Columbia.

### III.  AVERMENTS

1   BETTY r. SPINNER, a female, was employed  by the DISTRICT OF COLUBIA
PUBLIC SCHOOL SYTEM since November 20, 1978, until she was terminated
from her position of Administrative Assistant on august 7, 2015.

2.  Plaintiff was advised in writing that she and other administrative assistants
    and administrative aides employed  by Defendants at Wilson High School
    would be subject to an reduction-in-force for the 2015 school year.

3.  Ten (10)  employees were selected to compete to retain their positions.

4.  Several factors were considered to arrive at a retention score, including
    educational background and extracurricular contributions of the employee.

5.  In computing the retention scores, the Defendants refused to consider
    Plaintiff's educational background and extracurricular contributions, and,
    thereby refused to award points to plaintiff I those categories, even though
    Defendants awarded points in these categories to Plaintiff's racial, gender,
    national origin and age counterparts.

6.  After releasing the employees from the competing reduction class,
    Defendants reinstated a one male employee and one white employee, and
    one Asian employee now occupies the position that Plaintiff held.

7.  No reinstatement opportunities were ever extended to Plaintiff.

4

8.   Plaintiff also enjoyed the status of a whistle blower when she received overtime pay to which she was not entitled, and reported to her school principal, who conducted the reduction-in-force, the employee who arranged the pay and other employees who received the pay.

## IV. CLAIMS

### Count I

(U.S.C. § 2000e, et seq.; 29 U.S. Code § 623(a)(1)

9.   Incorporating the foregoing paragraphs 1- 8 by reference, as if fully stated herein, Plaintiff alleges  and re-alleges, that Defendants Kaya Henderson and the District of Columbia willfully failed to award Plaintiff points to her retention score in categories of educational background and extra-curricular contributions categories that they awarded to Plaintiff's race, gender, sex national origin counterparts,  and thereby undervaluing Plaintiff's overall point total and lowering Plaintiff's retention score in violation of Title VII and the Age Discrimination in Employment Act.

10. Plaintiff, age 59,  is within the protected class for age discrimination.

11. All of the employees who competed with plaintiff for reduction-in-force ,
received higher retention scores than Plaintiff were under age 40.

12.  The employees who competed with plaintiff for reduction-in-force, and
who were reinstated to their positons of employment, were under age 40.

13. Plaintiff is of the African American race, born in the United states of
America, and the person who currently holds Plaintiff's position of employment is
Asian.

WHEREFORE: The plaintiff seeks judgment for unlawful employment
discrimination in violation of Title VII of the 1964 Civil Rights Act, as amended, and
injunctive relief directing Defendants' to reinstate Plaintiff to her position of
employment with back pay, reasonable attorney fees and costs, and, such other
relief the Court deems appropriate.

## Count II

(DC Code § 1–615.51)

14. Incorporating foregoing paragraphs 1-14 by reference, as if fully stated
Herein ,Plaintiff alleges  and re-alleges that Defendants Kaya Henderson and the
District of Columbia willfully terminated Plaintiff's employment because Plaintiff
reported to her school principal the unlawful awarding payment, which the school

principal to no action to rectify; nor did the school principal take any action

against the employee who was responsible for making the payments.

## V.  JURY TRIAL

Plaintiff requests a jury trial on all counts.

Respectfully submitted,

FOR THE PLAINTIFF,

_____

Dalton Howard (D.C. Bar N0. 213587)

Brooks and Howard
6701 16th Street NW
Washington, DC 20012
(202) 723-4602 Telephone
(202) 723-7103 Fax

_____

> JOHNNIE A. LANDON (North Dakota Bar 3412; Shall apply to be admitted *Pro hac vice*)

Johnnie Landon, Esquire

4401-A Connecticut Avenue NW #286

Washington, D.C. 20008 Mailing Address, Only

Email: jlandonesq@gmail.com

Facsimile:  (202) 318-6478

Cell Telephone: (202) 210-4423

8